### CRANE v. JOHNSON, Governer of California, et al.

### McNAUGHTON v. SAME.

#### (District Court, S. D. California, S. D.    April 8, 1916.)

#### Nos. C–18, C–19.

1. INJUNCTION ⬅85(2)—UNCONSTITUTIONAL STATUTE—ENFORCEMENT.

  The federal District Court has jurisdiction of a suit by one affected against state officers to enjoin enforcement of an unconstitutional statute.

  [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 156; Dec. Dig. ⬅85(2).]

2. INJUNCTION ⬅135—TEMPORARY INJUNCTION—ISSUANCE.

  The granting of an interlocutory injunction is within the sound discretion of the trial court.

  [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 304; Dec. Dig. ⬅135.]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. INJUNCTION ☞151—PROCEEDINGS—MERITS.
    The federal District Court, composed, under statutory requirements, of the judge of the District Court, a judge of another district, and a Circuit Judge, is not, on application for an interlocutory injunction against enforcement of a state statute, called upon to decide the merits of the case.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 336; Dec. Dig. ☞151.]

In Equity. Bills by P. L. Crane and by Kate P. McNaughton against Hiram W. Johnson, Governor of the State of California and others. On motion for temporary injunctions. Denied.

Tom L. Johnston, of Los Angeles, Cal., for complainants.

U. S. Webb, Atty. Gen., and Robert M. Clarke, Asst. Atty. Gen., of California, and Thomas Lee Woolwine, Dist. Atty., and George E. Cryer, Deputy Dist. Atty., both of Los Angeles, Cal., for defendants.

Before ROSS, Circuit Judge, and TRIPPET and CUSHMAN, District Judges.

ROSS, Circuit Judge. [1] Upon the authority of the cases of William Truax, Sr., and Others, v. Mike Raich, 239 U. S. 33, 36 Sup. Ct. 7, 60 L. Ed. 131, and Raich v. Truax (D. C.) 219 Fed. 273, 283, we think the jurisdiction of the District Court over the present suits is clear. We have, therefore, only to determine whether, upon the bill, the complainant is entitled to an interlocutory injunction.

[2, 3] The rule is well settled that the granting of such orders is within the sound discretion of the court, and in the exercise of such discretion, based upon the averments of the bills, we are of the opinion that the application should be denied. We do not understand that, upon such an application as the present, the court, composed, under statutory requirement, of the judge of the District Court, of another District Judge, and a Circuit Judge, is called upon, if, indeed, authorized, to decide the merits of the suits.